

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 5, 1977

Honorable Joe Christie, Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas 78786

Opinion No. H- 1036

Re: Validity of personnel policy denying extended sick leave for pregnancy-related disabilities.

Dear Mr. Christie:

You ask whether the State Board of Insurance may deny extended sick leave with pay for disabilities arising from pregnancy. Under your present policy, employee requests for extended sick leave with pay on account of pregnancy-related disabilities are evaluated on the same case-by-case basis as are requests for extended sick leave on account of other disabilities. The employee's prior attendance and quality of job performance are considered in evaluating requests. The maximum amount of extended sick leave available to any individual depends upon the length of prior service. The Board proposes to adopt a policy denying extended sick leave with pay in the case of any illness or disability caused or contributed to by pregnancy, miscarriage, abortion, childbirth, or recovery therefrom.

You first ask whether the proposed policy would violate article V, § 7b of the Appropriations Act. The State Board of Insurance, an entity financed by appropriated funds, is subject to this provision, which reads in part:

> b. Employees of the State shall, without deduction in salary, be entitled to sick leave subject to the following conditions:
>
> . . . .
>
> Sick leave with pay may be taken when sickness, injury, <u>or pregnancy and confinement</u> prevent the employee's performance of duty or when a member of his immediate family is actually ill. An employee who must be absent from duty because of illness shall notify his supervisor or cause him to be notified of that fact at the earliest practicable time.

p. 4271

> Exceptions to the amount of sick leave
> an employee may take may be authorized by
> the administrative head or heads of any
> agency of the State provided such excep-
> tions are authorized on an individual basis
> after a review of the merits of such par-
> ticular case.  A statement of any such autho-
> rized exceptions or the reasons for them
> shall be attached to the State agency's dup-
> licate payroll voucher for the payroll period
> affected by such authorized exceptions.

General Appropriations Act, Acts 1975, 64th Leg., ch. 743,
art. V, § 7b, at 2849-50 (emphasis added).  The same provision
appears in the Appropriations Act for the 1977-79 biennium.
The Act clearly provides that sick leave may be taken for
pregnancy and confinement.  Attorney General Opinions H-251
(1974); M-1222 (1972).  The Board's authority to spend appro-
priated funds for extended sick leave with pay derives from
the third quoted paragraph and must be exercised in confor-
mity with the legislative intent it expresses.  See Attorney
General Opinions H-684 (1975); H-456 (1974); H-126 (1973).
We believe that the Legislature intended that agencies granting
extended sick leave should make it available for all the dis-
abilities for which accrued sick leave may be taken.  The
second quoted paragraph indicates the purposes for which sick
leave may be taken.  In our opinion, the third paragraph, which
provides for exceptions as to amount of sick leave, incorpo-
rates the initial statement as to purposes.  Paragraph three
also requires that the agency authorize exceptions on an indi-
vidual basis after reviewing the merits of individual cases.
We believe the Board's present policy of making case-by-case
determinations for extended sick leave accurately reflects
the intent of the Appropriations Act, while the proposed
policy of excluding pregnancy-related disabilities departs
from the Legislature's intent.

You next ask whether the Board may deny extended sick
leave with pay to pregnant employees without violating the
United States Constitution, the federal civil rights and
equal employment statutes, the Texas equal rights amendment,
or the Texas equal employment law, article 6252-16, V.T.C.S.
Since you must continue your present policy in order to com-
ply with the sick leave provisions of the Appropriations Act,
we need not determine whether adoption of the proposed policy
would violate other provisions of state and federal law.

You finally ask whether the Board may deny extended sick leave to an individual pregnant employee, based on the merits of particular cases, without violating article V, section b of the Appropriations Act, the United States Constitution, the federal civil rights statute, the Texas equal rights amendment, or the Texas equal employment laws.

The Appropriations Act expressly states that exceptions as to sick leave are to be "authorized on an individual basis after a review of the merits. . . ." General Appropriations Act, Acts 1975, 64th Leg., ch. 743, art. V, § 7b, at 2850.

We do not believe that the denial of extended sick leave to an individual pregnant employee, based on the same standards applied to other disabled employees, would violate any of the other provisions about which you inquire.  See General Electric Co. v. Gilbert, 97 S.Ct. 401 (1976).  Geduldig v. Aiello, 417 U.S. 484 (1974); Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 718 (7th Cir. 1969); Union Free School Dist. No. 6 v. New York State Human Rights Appeal Bd., 320 N.E.2d 859, 860 (N.Y. Ct. App. 1974); Attorney General Opinions H-421, H-251 (1974).  Whether the denial of extended sick leave in a particular case would violate any equal protection or equal employment law would depend upon the facts of that case.

You do not ask about and we do not address any constitutional issue relating to the conditions under which maternity leave may be required.  See Cleveland Board of Education v. La Fleur, 414 U.S. 632 (1974) (holding that certain mandatory maternity leave regulations violated the due process clause); Attorney General Opinion H-251 (1974).

### S U M M A R Y

The adoption by the State Board of Insurance of a policy denying extended sick leave with pay in the case of pregnancy-related disabilities would violate article V, Section 7b of the Appropriations Act.  Denial of extended sick leave to an individual pregnant employee, based on the merits of the particular case would not violate state and federal equal rights and equal employment provisions.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw